IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE HERRICK GROUP & ASSOCIATES LLC | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 07-0628 |
| | : | |
| K.J.T., L.P., | : | |
| Defendant | : | |

FILED
AUG 20 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM OPINION

TIMOTHY R. RICE  
U.S. MAGISTRATE JUDGE                                   August 20, 2009

This case involves the issue whether plaintiff The Herrick Group & Associates LLC[1] ("Herrick") had the capacity to sue in 2007. Defendant K.J.T., L.P. ("KJT") claims Herrick is a non-existent entity without the legal status to initiate litigation. See Defendant's Memorandum of Law Regarding Plaintiff's Capacity to Sue at 1, The Herrick Group & Assoc. LLC v. K.J.T., L.P., 07-0628 (E.D. Pa. filed May 27, 2009) [hereinafter Defendant's Memo of Law]. Herrick, however, claims it cured any procedural defect in its legal status retroactive to 2003. See Response of the Herrick Group, LLC to Rule 50 Motion of K.J.T., L.P., Concerning Plaintiff's Capacity to Sue at 2, The Herrick Group & Assoc. LLC v. K.J.T., L.P., 07-0628 (E.D. Pa. filed June 22, 2009) [hereinafter Plaintiff's Memo of Law]. For the following reasons, I deny KJT's motion because in 2008 Herrick had properly restored its legal status retroactive to 2003.

---

[1] Herrick was required to change its name to "Herrick Group & Assoc. LLC" because "Herrick Group LLC" had been claimed by an unrelated incorporator during the interval in which Herrick's charter was revoked. Such a name change, however, is statutorily permitted without changing the legal identity of the corporation, Nev. Rev. Stat. § 86.278, and is not an issue here. On August 20, 2009, the parties jointly agreed to amend the action to reflect this change.

1

## FACTUAL AND PROCEDURAL HISTORY

On January 25, 2001, Herrick formed a Nevada limited liability company ("LLC"). See Plaintiff's Memo of Law at Exhibit A, Entity Details – Secretary of State, Nevada (The Herrick Group & Assoc. LLC) [hereinafter Entity Details]. On February 1, 2003, Nevada revoked Herrick's charter for failure to file an annual list of managers, pay filing fees and related penalties, and designate a resident agent. See Plaintiff's Memo of Law at 2; Defendant's Memo of Law at 2. When it failed to remedy these defects within five years, Nevada permanently revoked Herrick's charter on February 1, 2008. See Defendant's Memo of Law at 2; Plaintiff's Memo of Law at 2. On November 5, 2008, however, the Nevada Secretary of State granted "revival" of Herrick's charter, which retroactively restored active status to Herrick, as if its charter and rights had at all times remained in full force and effect. See Entity Details; Nev. Rev, Stat. § 86.580.

Before reviving its charter, Herrick entered into a Purchase and Sale Agreement with KJT in 2005 for the Washington Towers real estate complex in Reading, Pennsylvania. See June 23, 2005 Purchase and Sale Agreement, at Defendant's Trial Exhibit 4 and Plaintiff's Trial Exhibit 2, at 1, 20, The Herrick Group & Assoc. LLC v. K.J.T., L.P., 07-0628 [hereinafter Purchase and Sale Agreement].[2]

---

[2] A drafting error in the agreement further compounded the issue of Herrick's legal status. The name of the purchasing entity was listed as "The Herrick Group, a New York limited liability company," see Purchase and Sale Agreement, an entity KJT claims never existed, see Defendant's Memo of Law at 1. Herrick contends it added its name, "The Herrick Group, LLC," but the designation, "a New York limited liability company," "was inadvertently left unchanged." See Plaintiff's Memo of Law at 2 n.1.

2

When the Washington Towers deal fell through, Herrick filed this lawsuit on February 15, 2007, listing "The Herrick Group, Ltd., a New York limited liability company"[3] as plaintiff. See Complaint, The Herrick Group & Assoc. LLC v. K.J.T., L.P., No. 07-628 (E.D. Pa. filed Feb. 15, 2007). After KJT noted the error in Herrick's name, Herrick amended its complaint, substituting as plaintiff "The Herrick Group, LLC, a Nevada limited liability company." See Amended Complaint, The Herrick Group & Assoc. LLC v. K.J.T., L.P., No. 07-628 (E.D. Pa. filed Aug. 14, 2008). KJT notes the Nevada Herrick entity is not the party listed on the Purchase and Sale Agreement, and maintains it has no capacity to sue because its Nevada charter was revoked. See Defendant's Memo of Law at 2.

## DISCUSSION

A motion for judgment as a matter of law "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). The facts concerning Herrick's status are uncontested, thereby rendering KJT's motion a legal issue under Nevada law.

Capacity to sue is governed by Federal Rule of Civil Procedure 17(b), which provides the law of the state of incorporation controls. Fed. R. Civ. P. 17(b)(2); see DeSouza v. Pettinaro Const. Co., Inc., 2009 WL 1220533, at *2 (D. Del. May 5, 2009). Pennsylvania courts also have

---

[3] At the time the lawsuit was filed "The Herrick Group, Ltd., a New York limited liability company" was an existing entity unaffiliated with Bruce Graeber, president of Herrick, or the Purchase and Sale Agreement. See Defendant's Memo of Law at 2; NYS Department of State Division of Corporations Entity Information, http://appsext8.dos.state.ny.us/corp_public/ CORPSEARCH.ENTITY_INFORMATION?p_nameid=2163224&p_corpid=2114125&p_entity _name=%68%65%72%72%69%63%6B&p_name_type=%25&p_search_type=%43%4F%4E%5 4%41%49%4E%53&p_srch_results_page=3 (last visited Aug. 17, 2009).

held the law of the state of incorporation determines a foreign corporation's capacity to sue or be sued in Pennsylvania. See e.g., Info. Sys. Serv. v. Platt, 953 A.2d 1244, 1246-47 (Pa. 2008) (applying New Jersey law, the law of the state of incorporation). Rule 17 is silent as to a limited liability company. See Fed. R. Civ. P. 17(b); Model Bd, LLC v. The Bd. Inst., Inc., 2009 WL 691891, at *3 (E.D. Mich. Mar. 12, 2009).[4] However, a limited liability company has power to "sue and be sued, complain and defend, in its name." Nev. Rev. Stat. § 86.281(1); see also 15 Pa. Cons. Stat. Ann. § 8102 ("Any business that may be conducted in a corporate form may also be conducted as a partnership or a limited liability company."). Moreover, Herrick organized under Nevada law and the parties agree Nevada law controls whether Herrick has the capacity to sue. Therefore, I will apply Nevada law to determine whether Herrick has the capacity to sue. See Fed. R. Civ. P. 17(b); see also Model Bd., LLC, 2009 WL 691891, at *3 (finding, pursuant to Rule 17, Michigan law governed the capacity issue because under Michigan law a LLC has "all powers granted to corporations" and there was no dispute Michigan law governed).

When Nevada revokes a LLC's charter, the LLC's "right to transact business is forfeited."[5] Nev. Rev. Stat. § 86.274(2) [hereinafter LLC Revocation Statute]. If the LLC

---

[4] Rule 17(b) provides:

Capacity to sue or be sued is determined as follows:

(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
(2) for a corporation, by the law under which it was organized; and
(3) for all other parties, by the law of the state where the court is located, except that: (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

[5] It is unclear whether the "right to transact business" includes the right to sue and be sued. See In re Krause, 546 F.3d 1070, 1074-75 (9th Cir. 2008). However, I need not resolve

4

charter remains revoked for five years, it cannot be reinstated. See Nev. Rev. Stat. § 86.276(4) [hereinafter LLC Reinstatement Statute]. A LLC's charter, however, can be revived at anytime. See Nev. Rev. Stat. § 86.580 [hereinafter LLC Revival Statute]; see also Redl v. Secretary of State of Nevada, 85 P.3d 797, 800 (Nev. 2004) (no time restriction on when a corporation can be revived).

The statute governing reinstatement of a LLC provides if the company complies with the missed filing and fee requirements "the Secretary of State shall reinstate any [LLC] which has forfeited or which forfeits its right to transact business . . . and shall restore to the company its right to carry on business . . . ." Nev. Rev. Stat. § 86.276. In contrast, the statute governing revival of a LLC provides "a [LLC] which did exist or is existing pursuant to the laws of this State may, upon complying with the provisions of NRS 86.276, procure a renewal or revival of its charter for any period . . . . by filing" additional documents with the state. Nev. Rev. Stat. § 86.580. "[R]enewal or revival . . . relates back to the date on which the [LLC's] charter expired or was revoked and renews or revives the [LLC's] charter and right to transact business as if such right had at all times remained in full force and effect." Nev. Rev. Stat. § 86.580(5). Nevada's Supreme Court has not yet interpreted the LLC Reinstatement and Revival Statutes.

The revival and reinstatement processes differ in several ways. First, unlike a LLC seeking reinstatement, a LLC seeking revival must file a certificate with the Secretary of State. Compare Nev. Rev. Stat. § 86.580(a), with Nev. Rev. Stat. § 86.274(1)(a); cf. Redl v Sec'y of State of Nevada, 85 P.3d 797, 799 (Nev. 2004) (analyzing statutes governing the corporation revival and reinstatement processes). Second, a LLC seeking revival must have the certificate "signed by a person or persons designated or appointed by the members," and the certificate

---

this issue because I find Herrick revived its charter, and such revival related back to the date the charter was revoked, curing all capacity defects.



must "be approved by the written consent of a majority in interest and must contain a recital that this consent was secured." Compare Nev. Rev. Stat. § 86.580(3), with Nev. Rev. Stat. § 86.276; cf. Redl, 85 P.3d at 799. Third, a LLC seeking revival may choose the date that the charter becomes effective, whereas a LLC seeking reinstatement cannot. Compare Nev. Rev. Stat. § 86.580(1)(a)(4), with Nev. Rev. Stat. § 86.276; cf. Redl, 85 P.3d at 799. Fourth, a LLC cannot be reinstated if its charter "has remained revoked for a period of five consecutive years." Nev. Rev. Stat. § 86.276(4). The LLC revival process contains no such time restriction. See Nev. Rev. Stat. § 86.580; cf. Redl, 85 P.3d at 799-800.

The Nevada Secretary of State revived, rather than reinstated, Herrick's charter. Interpreting a statute analogous to the LLC Revival Statute, Nev. Rev. Stat. § 78.730(1) [hereinafter Corporation Revival Statute], the court in Redl, 85 P.3d at 799-800, provided guidance on the effect of revival on Herrick's legal status.[6] In Redl, the Nevada Secretary of State had permanently revoked a corporation's charter because the entity had failed to list its directors, designate a resident agent, or pay the required filing fees and related penalty fees with the state. Redl, 85 P.3d at 798. After the corporation applied for revival, complied with the required filings, paid all outstanding fees, and paid the application fee for revival, the Secretary of State "revived its corporate charter." Id.

The court acknowledged a permanently revoked corporation cannot be "reinstated" under § 78.180 ("Corporation Reinstatement Statute"), but found it could be "revived." Redl, 85 P.2d at 799. The court reasoned a corporation whose charter was revoked could apply for

---

[6] The Corporation Revival Statute provides "'any corporation which did exist or is existing under the laws of this state may . . . procure a renewal or revival of its charter for any period'" by complying with certain procedures, such as paying all outstanding fees and updating its filings and "[u]pon complying with these procedures, the Secretary of State has the discretion to revive the corporate charter." See Nev. Rev. Stat. § 78.730(1); Redl v. Sec'y of State, 85 P.3d 797, 797-800 (Nev. 2004).

6

reinstatement only during the five-year interval between initial revocation and permanent revocation, whereas "there is no provision under [the Corporation Revival Statute] that prevents corporate revival after five years." Id. Thus, "the Secretary of State has the discretion to revive a revoked corporate charter after any amount of time." Id. at 799-800.

Nevada's Corporation Revival Statute and LLC Revival Statute both legislate the same subject matter, i.e., the revival of an entity. The language of the two statutes is substantively identical, except the LLC Revival Statute permits the retroactive revival of a LLC whose charter had been permanently revoked. Compare Nev. Rev. Stat. § 78.730, with Nev. Rev. Stat. § 86.580. The laws are in pari material, and should be construed together. See Lafferty v. St. Riel, 495 F.3d 72, 81 (3d Cir. 2007).[7] Moreover, because the Nevada legislature included a five-year limitation within the LLC Reinstatement Statute and not within the LLC Revival Statute, its silence in the LLC Revival Statute should be construed as intentional. See Redl, 85 P.3d at 800 ("[t]he [l]egislature, by putting a limit on reinstatement and not on revival, knew that it could limit revival and chose not to").

Just as the Nevada Supreme Court found a corporation whose charter has been revoked for more than five years could be revived as if it had always been an active entity, see Redl, 85 P.3d at 798-99, an LLC whose charter had been revoked for more than five years can be retroactively revived, curing any past or then-existing procedural defect in its capacity to sue. The Nevada Secretary of State has discretion to revive an LLC's charter. See Redl, 85 P.3d at 798-99; Nev. Rev. Stat. § 86.580.

KJT relies on the bankruptcy court and district court opinions in In re Krause, 546 F.3d

---

[7] The in pari material doctrine requires that "similar statutes are to be construed similarly." Lafferty, 495 F.3d at 81-82. Even if the statutes address different situations, the doctrine applies if both address the same subject matter. See id. at 82 n.12.

1070 (9th Cir. 2008), to support its contention Herrick lost the capacity to sue when its charter was revoked. See Defendant's Memo of Law at 5-7. The court in In re Krause, however, interpreted the Corporation Revocation and Reinstatement Statutes, not the Revival Statute. Id. at 1072-73. The Corporation Revocation Statute deprives companies in default the "right to transact business," Nev. Rev. Stat. § 78.175, and the Corporation Reinstatement Statute provides a company cannot be reinstated after five years, Nev. Rev. Stat. § 78.180(4). In contrast, the Corporation Revival Statute allows a "company which did exist or is existing" to renew or revive its charter, placing no time limit on the company's ability to gain a revival. See Nev. Rev. Stat. § 78.180. Nevada's Corporation Revocation and Reinstatement Statutes do not apply here.

Herrick applied for revival under the LLC Revival Statute and complied with its terms. It paid all missed fees, taxes, and penalties, including the revival application fee, submitted its list of directors and officers, and completed all filing requirements necessary for revival. See Entity Details – Secretary of State, Nevada (The Herrick Group & Assoc. LLC) (filed Nov. 5, 2008). When the Nevada Secretary of State granted Herrick's revival application in November, 2008, it cured all defects in Herrick's capacity to sue and transact business. See Executive Mgmt., Ltd. v. Ticor Title Ins. Co., 38 P.3d 872, 876 (Nev. 2002); compare Nev. Rev. Stat. § 86.850, with Nev. Rev. Stat. § 86.276(4); see also Redl, 85 P.3d at 797-800. Such revival "relate[d] back to the date on which the [LLC's] charter expired or was revoked and renew[ed] or revive[d] the [LLC's] charter and right to transact business as if such right had at all times remained in full force and effect." See Nev. Rev. Stat. §86.580.

Although Herrick lacked the capacity to sue when it filed the lawsuit, it later revived its LLC charter, curing the capacity defects. Capacity to sue is generally viewed as a procedural issue, Carlsberg Resources Corp. v. Cambria Sav. And Loan Ass'n, 554 F.2d 1254, 1260 n.24

(3d Cir. 1977), which a party may correct. For example, the court has found a foreign corporation, lacking legal capacity at the time it filed a lawsuit, could maintain the lawsuit once it complied with the qualification requirements. Executive Mgmt., Ltd., 38 P.3d at 876. The court noted the majority of states allow an action to be stayed pending compliance rather than dismissing the action. Id. at 875. In addition, the court reasoned, because Nevada reinstates foreign corporations once all fees are paid, and authorizes the corporation to transact business as if the fees had been paid when due, "failing to qualify is not so egregious that it warrants dismissal with prejudice." Id. at 876.

Similar to its treatment of foreign corporations, Nevada permits the revival of a LLC charter to apply retroactively. See Nev. Rev. Stat. § 86.580. After it complied with the revival qualifications, the Nevada Secretary of State restored Herrick's charter as though Herrick had always existed. See Executive Mgmt., Ltd., 38 P.3d at 876; see also In re Krause, 546 F.3d at 1076–77 (suggesting Nevada would apply a "similar forgiving approach" to reinstated corporation as it does for the foreign corporation in Executive Mgmt., Ltd.).

Nevertheless, KJT suggests Herrick acted fraudulently or in bad faith when it misidentified its LLC in the Purchase and Sale Agreement and complaint. See Defendant's Memo of Law at 2; see also K.J.T., L.P.'s Memorandum of Law in Opposition to the Herrick Group, LTD.'s Motion to Amend Complaint, at 7-8, The Herrick Group & Assoc. LLC v. K.J.T., L.P., 07-0628 (E.D. Pa. filed Mar. 10, 2008).

No evidence establishes Herrick's bad faith when it failed to properly maintain its filing requirements, which ultimately led to its charter revocation. Rather, I find the inaction that caused Herrick's charter to be revoked was an unintentional and ministerial oversight with no bad faith to evade a potential lawsuit. See Transcript of Record at 29:14-20, 117:23-26, 118:1-3,

The Herrick Group & Assoc. LLC v. K.J.T., L.P., No. 07-628 (E.D. Pa. held May 27, 2009). For example, when NR Properties, the company that contracted with Herrick to purchase Washington Towers, filed a lawsuit against Herrick, Herrick did not defend by claiming it lacked the capacity to be sued. See Transcript of Record at 17:10-2, The Herrick Group & Assoc. LLC v. K.J.T., L.P., No. 07-0628 (E.D. Pa. held May 17, 2009).

Accordingly, I find Herrick has the capacity to maintain this lawsuit, and had the capacity to sue at the time it was substituted as plaintiff in the amended complaint. KJT's motion for judgment as a matter of law is denied because "viewing the evidence in the light most favorable to" Herrick and giving Herrick "the advantage of every fair and reasonable inference," a jury could not find Herrick lacked the capacity to sue. See Lightning Lube, Inc., 4 F.3d at 1166.

An appropriate order follows.